<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL M. SEIBERT, THOMAS F. SOLURY, DANA MOLINEAUX, HENRY WORCESTER, STEPHANIE SCHNEPP, JOHN STRONG JR. AND SCOTT C. ALLEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NOKIA OF AMERICA CORPORATION, THE BOARD OF DIRECTORS OF NOKIA OF AMERICA CORPORATION, NOKIA 401(K) COMMITTEE and JOHN DOES 1-30,<br><br>Defendants. | Civil Action No. 21-20478<br><br>**OPINION**<br><br>May 22, 2024 |

**SEMPER**, District Judge.

The current matter comes before the Court on Defendants Nokia of America Corporation ("Nokia"), the Board of Directors of Nokia (the "Board"), and the Nokia 401(k) Committee's (the "Committee") (together "Defendants") Motion to Dismiss Plaintiffs Paul Seibert, Thomas Solury, Dana Molineaux, Henry Worcester, Stephanie Schnepp, John Strong, Jr., and Scott Allen's ("Plaintiffs") First Amended Complaint (ECF 60, "FAC") in part. (ECF 66, "MTD.") Plaintiffs opposed the motion. (ECF 67, "Opp.") Defendants filed a reply. (ECF 74, "Reply.") Both parties also submitted letters regarding supplemental briefing. The Court has decided the motion upon the submissions of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, Defendants' Motion to Dismiss (ECF 66, MTD) is **DENIED**.

I.    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[1]

Plaintiffs are participants of the Nokia Savings/401(k) Plan (the "Plan") who invested in options offered by the Plan. (FAC at 5-6.) The Plan had billions of dollars of assets under management throughout the Class Period and had over 29,000 participants as of the end of 2020. (*Id.* ¶¶ 96, 127, 131.)

Defendant Nokia is the plan sponsor.[2] Plaintiffs allege that Nokia, acting through the Board, appointed the Committee to, among other things, "ensure that the investments available to Plan participants were appropriate, had no more expense than reasonable and performed well compared to their peers." (*Id.* ¶ 27.) The FAC alleges that pursuant to the Plan document, the Committee had full discretionary authority to determine the number and type of investment options administered by the Plan. (*Id.* ¶ 34.)

The Plan is governed under ERISA, and Plaintiffs bring two claims for relief in the FAC. Plaintiffs' first claim for relief is for breach of fiduciary duty of prudence against the Committee. (*Id.* at 37-38.) The second claim for relief is for failure to adequately monitor other fiduciaries against Nokia and the Board Defendants. (*Id.* at 38-40.) Plaintiffs initiated this putative class action on December 13, 2021. (ECF 1.) Defendants moved to dismiss the original Complaint on July 28, 2022. (ECF 20.) Judge Salas entered an Opinion and Order granting-in-part and denying-in-part the Motion to Dismiss, allowing Plaintiffs to file an amended complaint curing the deficiencies

---

[1] The facts and procedural history are drawn from the Complaint (ECF 60, FAC), Defendants' Motion to Dismiss (ECF 66, MTD), Plaintiffs' opposition (ECF 67, Opp.) and documents integral to or relied upon by the FAC. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). For the purposes of the motion to dismiss, the facts are drawn from the Complaint and accepted as true. *See Fowler v. UMPC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

[2] As alleged in the Complaint, prior to 2017, Alcatel-Lucent USA Inc. was listed as the Plan Sponsor; after 2017, Nokia of America Corporation was listed as the Plan Sponsor. (FAC at 2 n.2.) Prior to 2016, the Plan was known as the Alcatel-Lucent/401(k) Plan but was changed to its current name. (*Id.* at 1 n.1.) Accordingly, the Court construes the "Plan" to include both the "Alcatel-Lucent/401(k) Plan" and the "Nokia Savings/401(k) Plan" since Plaintiffs allege that the Class Period is defined as December 13, 2015 through the date of judgment. (*Id.*)

identified by the Court. (ECF 54; ECF 55.) Plaintiffs filed the First Amended Complaint on September 28, 2023. (ECF 60, FAC.) Defendants filed a Motion to Dismiss Plaintiffs' imprudent investment claim on November 13, 2023. (ECF 66, MTD.) Plaintiffs filed their opposition on December 28, 2023. (ECF 67, Opp.) Plaintiffs filed their reply brief on January 26, 2024. (ECF 74, Reply.) The parties also submitted several letters regarding supplemental authority. (ECF 80; ECF 81; ECF 82; ECF 83.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." For a complaint to survive dismissal under the Rule, it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Restatements of a claim's elements are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly

pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

### III.   ANALYSIS

Defendants argue that this Court should dismiss Plaintiffs' claim "that the Committee imprudently selected and retained substandard investments, and that Nokia and the Board are derivatively liable for an alleged failure to monitor." (ECF 66, MTD at 3.) Plaintiffs argue that this Court has already upheld the fiduciary duty claim and that the Court granted Plaintiffs leave to amend the imprudent investment claim. (ECF 67, Opp. at 1.) The Court will address each claim in turn.

#### A.  Breach of Fiduciary Duty of Prudence (Count I)

This Court previously ordered that Defendants' motion was granted with respect to both counts of the Complaint relating to Defendants' failure to adequately review the Plan's investment portfolio with due care to ensure that each investment option was prudent in terms of cost. (ECF 55.) These claims were dismissed without prejudice and Plaintiffs were allowed to file an amended complaint. (*Id.*) The motion was otherwise denied. (*Id.*) As such, Plaintiffs were directed to cure the deficiencies relating to Defendants' failure to adequately review the Plan's investment portfolio with due care to ensure each option was prudent in terms of cost, as specified by Judge Salas.

Further, Judge Salas's Opinion specifies that Plaintiffs had adequately alleged that the Committee breached its fiduciary duty of prudence by subjecting the Plan to excessive recordkeeping and administrative costs. (ECF 54 at 14-29.) Under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues

4

in subsequent stages in the same case." *In re Cont'l Airlines, Inc.*, 279 F.3d 226, 233 (3d Cir. 2002) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988)); *see Scudder v. Colgate Palmolive Co.*, No. 16-7433, 2018 WL 4188456, at *2 (D.N.J. Aug. 31, 2018) ("The law of the case doctrine 'limits relitigation of an issue once it has been decided' in the same case or litigation.") (quoting *Hoffman v. City of Bethlehem*, 739 F. App'x 144, 150 (3d Cir. June 20, 2018)). Accordingly, the Court will not disturb the prior determination that Count I adequately alleged that the Committee breached its fiduciary duty of prudence by subjecting the Plan to excessive recordkeeping and administrative costs. The Court will limit its assessment to Count I as it relates to Defendants' failure to adequately review the Plan's investment portfolio with due care to ensure that each investment option was prudent in terms of cost.

ERISA fiduciaries are held to the "prudent man" standard of care, which requires fiduciaries to exercise "the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." 29 U.S.C. § 1104(a)(1)(B). "It is not enough to avoid misconduct, kickback schemes, and bad-faith dealings. The law expects more than good intentions. '[A] pure heart and an empty head are not enough.'" *Sweda v. Univ. of Pa.*, 923 F.3d 320, 329 (3d Cir. 2019) (alteration in original) (quoting *DiFelice v. U.S. Airways, Inc.*, 497 F.3d 410, 418 (4th Cir. 2007)). In assessing this duty, a court must look at the process rather than the results. *Sweda*, 923 F.3d at 329. Hindsight indeed is 20/20, so the focus must be "on a fiduciary's conduct in arriving at [a] . . . decision." *Id.* (alteration in original) (quoting *In re Unisys Sav. Plan Litig.*, 74 F.3d 420, 434 (3d Cir. 1996)). A court should ask "whether a fiduciary employed the appropriate methods to investigate and determine the merits of a particular [course of action]." *Sweda*, 923 F.3d at 329 (quoting *Unisys*, 74 F.3d at 434). At the pleading stage,

however, factual allegations do not have to "directly address[] the process by which the [p]lan was managed." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 596 (8th Cir. 2009). A plaintiff's allegations are sufficient if a court can reasonably infer that "the process was flawed." *Renfro v. Unisys Corp.*, 671 F.3d 314, 327 (3d Cir. 2011) (quoting *Braden*, 588 F.3d at 596). Such allegations may include the "reasonableness of fees" and "practices of similarly situated fiduciaries." *Sweda*, 923 F.3d at 331. "Because the content of the duty of prudence turns on the circumstances . . . prevailing at the time the fiduciary acts, § 1104(a)(1)(B), the appropriate inquiry will necessarily be context specific" and "courts must give due regard to the range of reasonable judgments a fiduciary may make based on her experience and expertise." *Hughes v. Nw. Univ.*, 595 U.S. 170, 177 (2022) (internal quotation omitted). In reviewing the Complaint, "the Court may not parse [it] 'piece by piece to determine whether each allegation, in isolation is plausible.'" *Silva v. Evonik Corp.*, No. 20-2202, 2020 WL 12574912, at *5 (D.N.J. Dec. 30, 2020) (quoting *Sweda*, 923 F.3d at 321). "Instead, the Court employs a 'holistic approach' by considering all well-pleaded, non-conclusory allegations, including the 'range of investment options,' 'reasonableness of fees,' 'selection and retention of investment options,' and 'practices of similarly situated fiduciaries.'" *Silva*, 2020 WL 12574912, at *5 (quoting *Sweda*, 923 F.3d at 331).

To determine whether a fiduciary breached its duty of prudence, courts look to "process rather than results" and will consider "whether a fiduciary employed the appropriate methods to investigate and determine the merits of a particular investment." *Sweda*, 923 F.3d at 329 (internal quotation omitted). "To survive a motion to dismiss, however, Plaintiffs need not 'directly allege how [Defendants] mismanaged the Plan,' so long as there is 'substantial circumstantial evidence' to permit the Court to 'reasonably infer that a breach had occurred.'" *Cho v. Prudential Ins. Co. of Am.*, No. 19-19886, 2021 WL 4438186, at *7 (D.N.J. Sept. 27, 2021) (quoting *Silva*, 2020 WL

12574912, at *5 (D.N.J. Dec. 30, 2020)). Nonetheless, "Plaintiffs who rely on 'circumstantial evidence must . . . provide a sound basis for comparison—a meaningful benchmark—to show a prudent fiduciary in like circumstances would have selected a different fund.'" *Cho*, 2021 WL 4438186, at *7 (quoting *Silva*, 2020 WL 12574912, at *5). A plaintiff does not adequately plead a breach of the fiduciary duty of prudence merely by alleging that cheaper alternative investments with some similarities exist in the marketplace. *Cho*, 2021 WL 4438186, at *8-9.

Previously, the Court determined that the initial Complaint did not sufficiently allege that the Committee breached its duty of prudence because Plaintiffs supported their claim solely by comparing expense ratios of Plan's funds with median and average expense ratios of funds in similarly sized plans bearing similar investment styles according to an ICI study. (ECF 54 at 9.) The Court concluded that the ICI study alone did not constitute a meaningful benchmark and was insufficient to plausibly allege imprudence. (*Id*.)

Here, the FAC cures the deficiencies in bolstering support for Count I beyond the ICI study. The FAC therefore includes sufficient allegations of a breach of the duty of prudence. Plaintiffs adequately plead that Defendants failed to adequately review the Plan's investment portfolio with due care to ensure each option was prudent in terms of cost. Specifically, Plaintiffs introduced two TDFs offered by T. Rowe Price and American Funds to demonstrate the Plan's underperformance. (FAC ¶¶ 105-7; Appendix A.) This Court had previously noted that Plaintiffs failed to provide comparisons with the practices of similarly situated fiduciaries by relying on an ICI study. Now, Plaintiffs have bolstered their allegations with comparator funds that they argue are meaningful benchmarks "because Morningstar has placed each Plan fund and its comparators in the same peer-group category of funds, which share core similarities." (ECF 67, Opp. at 13.) The Court accepts Plaintiffs' new support for their claim at the pleading stage and determines that the FAC

7

sufficiently alleges that Defendants failed to adequately review the Plan's investment portfolio with due care to ensure the prudence of the cost of each option. As such, Defendants' Motion to Dismiss with respect to Count I is **DENIED**.

### B. Failure to Monitor (Count II)

This Court has previously determined that Plaintiffs adequately alleged a failure to monitor as it relates to the Plan's excessive recordkeeping and administrative fees. (ECF 54 at 30.) As discussed, under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *In re Cont'l Airlines, Inc.*, 279 F.3d 226, 233 (3d Cir. 2002) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988)). Accordingly, the Court will not disturb the prior determination that Count II adequately alleges a failure to monitor as it relates to the Plan's excessive recordkeeping and administrative fees. The Court will focus its assessment of Count II as it relates to Defendants' failure to adequately review the Plan's investment portfolio with due care to ensure that each investment option was prudent in terms of cost.

"Persons with authority to appoint and remove plan fiduciaries have an ERISA-imposed duty to monitor those fiduciaries." *Silva*, 2020 WL 12574912, at *9. "At minimum, an appointing authority must 'at reasonable intervals' review the performance of its appointees 'in such manner as may be reasonably expected to ensure that their performance has been in compliance with the terms of the plan and statutory standards.'" *Id*. (quoting *Graden v. Conexant Sys., Inc.*, 574 F. Supp. 2d 456, 466 (D.N.J. 2008)). Without an underlying breach of an ERISA-imposed duty, a failure to monitor claim cannot proceed. *In re Allergan Erisa Litig.*, 975 F.3d 348, 354 n.11 (3d Cir. 2020). Conversely, "[c]ourts have been willing to find a failure to monitor claim [when] the

plaintiff has adequately alleged a breach of fiduciary duty claim." *McGowan v. Barnabas Health, Inc.*, No. 20-13119, 2021 WL 1399870, at *8 (D.N.J. Apr. 13, 2021).

As discussed, Plaintiffs have sufficiently cured the deficiencies previously identified by this Court and have adequately alleged a breach of fiduciary duty under Count I with respect to Defendants' failure to adequately review the Plan's investment portfolio with due care to ensure that each investment option was prudent in terms of cost. Accordingly, Count II may proceed. *See Garthwait v. Eversource Energy Co.*, No. 20-0902, 2021 WL 4441939, at *10-11 (D. Conn. Sept. 28, 2021); *Ruilova*, 2023 WL 2301962, at *22-23; *see also Cunningham v. Cornell Univ.*, No. 16-6525, 2017 WL 4358769, at *11 (S.D.N.Y. Sept. 29, 2017). Defendants' Motion to Dismiss with respect to Count II is **DENIED**.

## IV. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss (ECF 66, MTD) is **DENIED**. An appropriate order follows.

>  */s/ Jamel K. Semper*  
>  **HON. JAMEL K. SEMPER**  
>  **United States District Judge**

Orig: Clerk  
cc: André M. Espinosa, U.S.M.J.  
    Parties