UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL M. SEIBERT, THOMAS F. SOLURY, DANA MOLINEAUX, HENRY WORCESTER, STEPHANIE SCHNEPP, JOHN STRONG, JR. AND SCOTT C. ALLEN, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br>v.<br><br>NOKIA OF AMERICA CORPORATION, THE BOARD OF DIRECTORS OF NOKIA OF AMERICA CORPORATION, NOKIA 401(K) COMMITTEE and JOHN DOES 1-30.<br><br>                Defendants. | **CIVIL ACTION<br>NO.: 2:21-cv-20478** |

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION TO CONSOLIDATE CASES**

Plaintiffs Paul M. Seibert, Thomas F. Solury, Dana Molineaux, Henry Worcester, Stephanie Schnepp, John Strong, Jr. and Scott C. Allen (the "*Seibert* Plaintiffs") respectfully submit this Reply memorandum of law in support of their motion to consolidate, the above-captioned case with *Sims et al. v. Nokia of America Corp. et al.*, No. 2:25-cv-13494-JKS-JBC (D.N.J.) (the "*Sims* Action").[1]

**I.      ARGUMENT**

       **A.      The Cases Share Common Parties, Facts and Legal Issues.**

In their opposition to consolidation (Dkt. No. 130) ("Opp."), the *Sims* plaintiffs refuse to acknowledge the substantial overlap of parties, facts, and legal issues between the two cases. Most puzzling is that despite: (1) the clear allegations in *Seibert*'s operative complaint concerning the

---

[1] All undefined terms capitalized herein shall have the same meaning as in Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion to Consolidate Cases, ECF No. 124 ("Mot.").

1

imprudent investment claim (Dkt. No. 60); (2) the Court's Order denying the Defendants' motion to dismiss (Dkt. No. 87); and (3) the Defendants' Answer to the allegations that survived the motion to dismiss, which include the imprudent investment claim (Dkt. No. 95), the *Sims*' plaintiffs insist on arguing that "no allegations of an imprudent investment [] survived a motion to dismiss." Opp. at 1. They are simply wrong. The *Seibert* plaintiffs and Defendants briefed the performance allegations in the operative complaint—at length. *See* ECF No. 67, §§ III.B, IV.A.3. This Court discussed the performance allegations in denying *entirely* the motion to dismiss. *See Seibert v. Nokia of Am. Corp.*, No. 21-CV-20478, 2024 WL 2316551, at *1 (D.N.J. May 22, 2024) (upholding allegations that the Defendants failed to ensure the Nokia RDFs "performed well compared to their peers."). The Court plainly considered and upheld the investment performance allegations.

Certainly, the claims in the two cases are not *identical*, but as the *Seibert* plaintiffs explained in their opening brief: (1) both cases concern the same Nokia 401k plan; (2) both cases involve ERISA claims against the fiduciaries of the plan for imprudent management and oversight of plan investments; (3) the putative class and class period overlap (although the *Seibert* class is broader and the class period begins earlier than *Sims*); (4) key fact witnesses are the same; and (5) the same counsel is defending Defendants in each case. In light of these common elements, consolidation is appropriate. *See, e.g., Kavon v. BMW of N. Am., LLC*, No. 20-CV-15475, 2021 WL 3047042, at *2 (D.N.J. July 20, 2021) (quoting *Cima Labs, Inc. v. Actavis Grp. HF*, Nos. 07-00893, 06-01970, 06-01999, 2007 WL 1672229, at *5 (D.N.J. June 7, 2007)) (ordering consolidation "to streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues").

While the *Sims* plaintiffs try to focus on distinctions between the Nokia Retirement Date Funds ("RDFs") and the underlying investments comprising the RDFs, they fall under the same

overarching review processes. In fact, the Defendants' meeting minutes demonstrate that, to the extent there was a review of the investments in the Plan (which Plaintiffs do not concede was adequate), the Committee looked at the RDFs and the component funds as part of the same fiduciary review.[2] *See* Dkt. Nos. 125-7, at pp. 3-4.

Further, these two cases do not require "disparate factual analyses and sources of proof" (Opp. at 10) that preclude consolidation. While the *Seibert* plaintiffs support their position with substantial ERISA case law, the *Sims* plaintiffs attempt to liken this case to a product liability matter involving washing machines. *See Durso v. Samsung Elecs. Am., Inc.*, No. 12-CV-5352, 2013 WL 3864006 (D.N.J. July 24, 2013), *aff'd*, No. 2:12-CV-05352, 2014 WL 1232332 (D.N.J. Mar. 24, 2014).[3] In making this comparison, the *Sims* plaintiffs fail to acknowledge that consolidation was denied in *Durso* because the four different legal claims advanced in one action (including one state law claim and three separate torts) demonstrated "a disparity among the claims asserted in the two sets of actions." *Id., at* *4 n.7. Whereas here, both complaints advance the same claims for breaches of ERISA's fiduciary duties of prudence and monitoring.

### B.    Absence of Prejudice

The record in the *Seibert* case contradicts the *Sims* plaintiffs' unsupported arguments that they will be prejudiced by consolidation. Critically, since Plaintiffs' Motion for Consolidation was filed, this Court issued a ruling that, "The stay of expert discovery and remaining deadlines sought

---

[2] The component funds and the RDFs have the same source of comparisons. The "*Sims* Plaintiffs allege […] market competitor funds" such as "peer funds with 'similar characteristics, such as Morningstar category.'" Opp. at 6. The *Seibert* plaintiffs also use the Nokia RDF's "Morningstar Category" for discerning the "peer" funds for comparisons. *Seibert* Compl., ¶¶ 101-03.

[3] The *Sims* plaintiffs try to downplay the plethora of ERISA cases cited in the consolidation motion because the plaintiffs in those cases typically agreed to consolidation. Putting aside that the courts still had to endorse consolidation, it is telling that the plaintiffs in those many cases all recognized the propriety of consolidation in similar situations.

3

herein is GRANTED." ECF No. 131. Accordingly, there is no "loss of discovery opportunities" or discovery related prejudices to the *Sims* plaintiffs who will still be able to conduct additional discovery. Opp at 11. Indeed, the *Sims* plaintiffs acknowledge that fact discovery is not complete, expert discovery has not begun, and class certification has not been briefed in the *Seibert* Action. The *Sims* plaintiffs also concede, as noted by the *Seibert* Plaintiffs, that consolidation "does not merge the suits into a single cause, or change the rights of the parties." Opp at 10-11 (quoting *Johnson v. Manhattan R. Co.*, 289 U.S. 479, 497 (1933)). Therefore, the *Sims* plaintiffs' "most glaring problem" is not a problem whatsoever. Opp. at 11. While the *Sims* plaintiffs speculate that "[c]ritical witnesses may not have been deposed on issues relevant to *Sims*" and "[d]ocuments may not have been requested[,]" (Opp. at 11), there is nothing precluding additional needed discovery after consolidation. *See Fennec Pharms. Inc. v. Cipla Ltd.*, No. 23-CV-123, 2025 WL 1942931, at *1 (D.N.J. July 14, 2025) (Semper, J.) (consolidated cases even though one case "would require some additional discovery" including "deposition[s]"). In fact, Defendants have acknowledged that, even absent consolidation, there is more discovery to be completed in *Seibert*. *See* Dkt. Nos. 128; 321. Moreover, "the benefits of consolidation for discovery and pre-trial management are considerable" and "the parties themselves stand to benefit from sharing of discovery already completed." *Mendoza v. Electrolux Home Prods., Inc.*, No. 15-CV-00371, 2018 WL 3973184, at *5–6 (M.D. Pa. Aug. 20, 2018).

    **C.**    **Class Definitions**

The *Sims* plaintiffs cannot dispute that multiple classes and/or subclasses would cure their purported issues with consolidation. Indeed, even Defendants do not argue that class certification would be problematic. Tellingly, the *Sims* plaintiffs do not actually distinguish the *Jacobs* case, but instead summarize that holding as "certifying subclasses for participants who invested directly in

4

challenged fund versus indirectly through TDFs, recognizing different proof requirements." Opp. at 9 (summarizing *Jacobs v. Verizon Commc'ns Inc.*, No. 16-CV-01082, 2020 WL 4601243, at *9 (S.D.N.Y. June 1, 2020)). Thus, subclasses will cure the *Sims* plaintiffs' concerns about the differences between funds. Relatedly, *Jacobs* also disproves the *Sims* plaintiffs' speculation that "separate damages analyses and underlying data" would render subclasses infeasible. *Id*., at 6. Both complaints seek the *same* relief, *i.e.* "equitable relief" and restoration of "losses to the plan." *See* FAC ¶ 150; *Sims* Compl., ¶ 96 (seeking "appropriate equitable relief."). Finally, the *Sims* Plaintiffs also incorrectly state that "the none of the *Seibert* Plaintiffs are directly invested in U.S. Large Cap or International Equity" funds, Opp. at 6. The *Siebert* Plaintiffs provided account statements of several plaintiffs that "invested directly in the funds challenged in the *Sims* Complaint in addition to the Nokia RDFs." Mot. at 4.

## II.     CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court enter Plaintiffs' [Proposed] Pretrial Order No. 1: (1) consolidating the ERISA Actions; (2) establishing procedures for the consolidation of future filed cases; and (3) granting such other relief that the Court deems just and proper.

Dated:  November 5, 2025                    Respectfully Submitted,

<u>/s/ Mark K. Gyandoh</u>
Mark K. Gyandoh, Esq.
**CAPOZZI ADLER, P.C.**
312 Old Lancaster Road
Merion Station, PA 19066
Email: markg@capozziadler.com
Tel: (610) 890-0200

Peter A. Muhic, Esq.
**MUHIC LAW LLC**
923 Haddonfield Road, Suite 300
Cherry Hill, NJ  08002

Tel: (856) 242-1802
Email: peter@muhiclaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2025, a true and correct copy of the foregoing document was filed with the Court utilizing its ECF system, which will send notice of such filing to all counsel of record.

By:  *ls/Mark K. Gyandoh*
      Mark K. Gyandoh, Esq.