# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL M. SEIBERT, THOMAS F. SOLURY, DANA MOLINEAUX, HENRY WORCESTER, STEPHANIE SCHNEPP, JOHN STRONG, JR. AND SCOTT C. ALLEN, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>v.<br><br>NOKIA OF AMERICA CORPORATION, THE BOARD OF DIRECTORS OF NOKIA OF AMERICA CORPORATION, NOKIA401(K) COMMITTEE, AND JOHN DOES 1-30<br>                Defendants. | Case No. 2:21-cv-20478-JKS-AME<br><br>CLASS ACTION<br><br><br><br>***SIMS* PLAINTIFFS' SUR-REPLY BRIEF IN OPPOSITION TO *SEIBERT* PLAINTIFFS' MOTION TO CONSOLIDATE CASES** |

# **TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................ 1

II.  ARGUMENT ...................................................................................................................... 1

    A. The Siebert and Sims Actions Do Not Involve the Same Claims or Damages ................... 1

    B. Consolidation Would Prejudice the *Sims* Plaintiffs ............................................................ 3

    C. Class Definitions Do Not Cure the Prejudice of Improper Consolidation ......................... 5

III. CONCLUSION ................................................................................................................... 5

# **TABLE OF AUTHORITIES**

Page(s)

Cases

*Chito v. Hilcorp Energy Co.*,
 2015 WL 5084313 (W.D. Pa. Aug. 27, 2015) ............................................................................ 4

*Ehrheart v. Verizon Wireless*,
 609 F.3d 590 (3d Cir. 2010) ...................................................................................................... 4

*Farahmand v. Rumsfeld*,
 2002 WL 31630709 (E.D. Pa. Nov. 20, 2002) .......................................................................... 4

*Fin-Ag, Inc. v. NAU Country Ins. Co.*,
 2009 WL 44479 (D.S.D. Jan. 6, 2009) ...................................................................................... 4

*In re Cmty. Bank of N. Va.*,
 418 F.3d 277 (3d Cir. 2005) ...................................................................................................... 1

*Jacobs v. Verizon Commc'ns*,
 2020 WL 4601243 (S.D.N.Y. June 1, 2020) ............................................................................. 5

*Mortg. Servs., L.P.*,
 785 F.3d 96 (3d Cir. 2015) .................................................................................................... 1, 4

Rules

Federal Rule of Civil Procedure 42(a) ........................................................................................... 5

I. **INTRODUCTION**

Consolidation is not meant to "merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 298 n.12 (3d Cir. 2005). But that is *precisely* what the *Seibert* Plaintiffs and the Defendants ask this Court to allow.

To be clear, the *Seibert* Plaintiffs and the Defendants are not asking this Court simply to consolidate the cases for discovery purposes, because as they explicitly state in their briefing, fact discovery in their case is effectively completed. And they are not asking this Court to reopen discovery to ensure that the *Sims* Plaintiffs have adequate opportunity to conduct the discovery necessary to litigate the *Sims* claims. Nor are they asking for additional briefing on the admittedly distinct legal claims in *Sims*. Rather, they ask this Court to do what Rule 42(a) does not permit—which is to "merge" the suits and have the *Sims* Plaintiffs relinquish their due process rights to discovery regarding their own, separate claims. But the law in the Third Circuit (and others) is clear: cases in significantly different procedural postures are not appropriate for consolidation. *See Lehman Bros. Holdings, Inc. v. Gateway Fund. Div. Mortg. Servs., L.P.*, 785 F.3d 96, 102 (3d Cir. 2015). More importantly, as set out at length in the *Sims* Response in Opposition, the *Seibert* Plaintiffs and the Defendants attempt to conflate the claims and factual allegations in the respective cases as a tenuous assurance that there are common questions of fact and law. No such commonality exists. The Motion to Consolidate should be denied.

II. **ARGUMENT**

A. The Siebert and Sims Actions Do Not Involve the Same Claims or Damages

The *Seibert* Plaintiffs' premise that the *Sims* claims are subsumed within their own rests on a knowingly superficial explanation to this Court of the practical and legal differences between the

1

two, in the hopes that this Court will accept their assertions without further scrutiny. This Court should not.

The *Seibert* and *Sims* actions assert claims for different relief, based on distinct misconduct by the Defendants, and involving different analyses regarding the legality of that misconduct under ERISA. While the *Seibert* Plaintiffs continue to state that they have brought the same ERISA underperformance claims as the *Sims* Plaintiffs, their pleadings, the parties' briefing, and this Court's orders reflect otherwise. *See, e.g.*, *Seibert* Am. Compl. ¶ 11 ("Plaintiffs allege that Defendants breached the duties they owed to the Plan by (1) failing to objectively and adequately review the Plan's investment portfolio with due care to ensure that each investment option was prudent, *in terms of cost*; and (2) failing to control the Plan's recordkeeping costs.") (cleaned up and emphasis added); ECF No. 87 at 7–9 ("The Court will limit its assessment to Count I as it relates to Defendants' failure to adequately review the Plan's investment portfolio with due care to ensure that each investment option was prudent in *terms of cost*." (emphasis added)).

Notably absent from the *Seibert* Plaintiffs' Reply is any explanation for the disparity in the relief sought in the respective cases. The *Seibert* Plaintiffs continue to assert that, because the U.S. Large Cap and International Equity funds are one of many funds within the RDFs, the relief is the same. This assertion is inaccurate on its face and in practice. The *Sims* Plaintiffs seek relief that the *Seibert* Plaintiffs are legally unable to obtain: reimbursement of losses to the Plan due to the underperformance of U.S. Large Cap and International Equity. Those losses are broader than losses to the RDFs—they include losses to beneficiaries who, like the *Sims* Plaintiffs, invested directly in these funds but *not* the RDFs—and mandate a distinct analysis of the fiduciary review by the Defendants. More importantly, it would entirely exclude plaintiffs like those in *Sims* who have not

2

invested in the RDFs, but rather invested directly in specific funds like U.S. Large Cap and International Equity. The *Seibert* Plaintiffs do not address this reality.

As a practical example, consider if the *Seibert* class was certified as written, and if this Court granted consolidation and the *Sims* Plaintiffs' claims were considered "subsumed" by the *Seibert* case as the *Seibert* Plaintiffs contend. Should that case go to trial, the jury would only be entitled to grant relief based on the allegations in the Amended Complaint, which solely include fiduciary complaints associated with fees and recordkeeping costs. And even if the Court were to permit the jury to hear non-cost underperformance claims, those claims—per the Amended Complaint—would be limited solely to the RDFs. This means that, even if the *Seibert* Plaintiffs completely prevailed at trial and were granted the full extent of relief requested in their Amended Complaint, the *Sims* Plaintiffs would not be afforded their own full relief.

The *Seibert* Plaintiffs tacitly acknowledge the difference in the claims and suggest using the *Sims* allegations in a consolidated complaint and curing any differences with subclasses. *See* Mot. Consol. at 9. But this argument collapses on itself.[1] Simply absorbing the entirely different *Sims* allegations into a new complaint does not solve the significant procedural and discovery-related due process concerns associated with such a suggestion. Notably, neither the *Seibert* Plaintiffs nor the Defendants propose that the *Sims* Plaintiffs be entitled to their own round of discovery on their distinct claims, which would be required to cure these concerns. But this, of course, undermines the entire premise that consolidation is either beneficial or efficient, as claimed by the *Seibert* Plaintiffs and the Defendants.

   B.  <u>Consolidation Would Prejudice the *Sims* Plaintiffs</u>

---

[1] This suggestion by the *Seibert* Plaintiffs actually emphasizes that even they concede that the *Sims* allegations are different.

Putting aside the factual and legal disparities, Third Circuit caselaw highlights why these cases are inappropriate for consolidation from a procedural perspective. While the *Seibert* Plaintiffs cite cases approving consolidation despite procedural differences, those cases involved much smaller gaps in time. Here, we have a four-year-old case nearing expert discovery being combined with a three-month-old case that has not even been answered. This is not simply a matter of "different discovery timelines" contemplated in *Chito v. Hilcorp Energy Co.*, No. 214-CV-1576, 2015 WL 5084313, at *1 (W.D. Pa. Aug. 27, 2015). As the *Chito* case reflects, consolidation for discovery purposes often makes sense when discovery is in its early stages. But the opposite rings true here where, as the *Seibert* Plaintiffs concede, their discovery is largely finished. *See, e.g.*, *Lehman Bros. Holdings, Inc.*, 785 F.3d at 102 (district court did not abuse discretion by denying consolidation where cases were in "vastly different stages," where one case had just been filed and the other had completed discovery); *Farahmand v. Rumsfeld*, 2002 WL 31630709, at *2 (E.D. Pa. Nov. 20, 2002) ("[A] court may deny consolidation when one case is further into the discovery process."); *Fin-Ag, Inc. v. NAU Country Ins. Co.*, 2009 WL 44479, at *3 (D.S.D. Jan. 6, 2009) ("Because the cases are at much different stages of preparation and litigation, consolidation would cause further delay and, thus, is not appropriate.").

The Amended Complaint filed by the *Seibert* Plaintiffs was not filed with the *Sims* Plaintiffs, their claims, or their rights in mind. Nor was the discovery propounded by the *Seibert* Plaintiffs or the legal arguments advanced by their counsel filed with the *Sims* Plaintiffs' claims, rights, or damages in mind. These considerations implicate due process concerns that are especially significant in the context of a class action. *Cf. Ehrheart v. Verizon Wireless*, 609 F.3d 590, 594–95 (3d Cir. 2010) (explaining that, under fundamental concepts of due process rights, district courts reviewing class actions, and particularly class action settlements, "act[] as a fiduciary, guarding

the claims and rights of the absent class members"). While the *Seibert* Plaintiffs suggest the *Sims* Plaintiffs would "benefit" from completed discovery, this ignores that discovery in *Seibert* was tailored to its specific, different, and narrow claims—claims that are, again, not asserted by the *Sims* Plaintiffs and that do not seek the same relief as the *Sims* Plaintiffs.

    C. <u>Class Definitions Do Not Cure the Prejudice of Improper Consolidation</u>

Contrary to the *Seibert* Plaintiffs' assertions, multiple classes and/or subclasses would not cure any purported issues with consolidation. Most obviously, the creation of subclasses does nothing to cure the procedural prejudice that would ensue as outlined herein—a point ignored by the *Seibert* Plaintiffs. Likewise, their citation to *Jacobs* is misguided at best. *See* Reply at 4–7 (citing *Jacobs v. Verizon Commc'ns*, 2020 WL 4601243, at *9 (S.D.N.Y. June 1, 2020)). In *Jacobs*, which does not discuss the propriety of consolidation at all, there was no dispute as to whether the legal claims for underperformance overlapped between the two subclasses—only whether one plaintiff had standing and was "typical" of class members that directly invested in a fund when that plaintiff indirectly invested in a target date fund. *Id.* at 6–9. This is not a matter of typicality or standing. Here, the question is simple: is it appropriate to consolidate the *Sims* action with a case that has been pending for nearly four years, with different legal claims, and discovery at its dawn? The law says no.

    **III.**   **<u>CONCLUSION</u>**

Consolidation advances the interests of only one action (*Seibert*) and does so to the detriment of the other (*Sims*)—all under the thinly veiled guise of "efficiency." But purported efficiency cannot trump the scope of Rule 42(a) of the Federal Rules of Civil Procedure or fundamental fairness. For these reasons, the *Sims* Plaintiffs respectfully request that this Court deny the motion to consolidate and permit both actions to proceed on their own tracks.

Respectfully submitted,

*s/Benjamin J. Widlanski*
 Benjamin J. Widlanski
 bwidlanski@kttlaw.com
 Tal J. Lifshitz
 tjl@kttlaw.com
 Katherine A. Mitchell
 kmitchell@kttlaw.com
 Clayton J. Schmitt
 cschmitt@kttlaw.com
 **KOZYAK TROPIN & THROCKMORTON LLP**
 2525 Ponce de Leon Blvd., 9th Floor
 Coral Gables, Florida 33134
 Telephone: (305) 372-1800

 David R. Buchanan
 dbuchanan@seegerweiss.com
 Shauna Itri
 sitri@seegerweiss.com
 **SEEGER WEISS LLP**
 55 Challenger Road
 Ridgefield Park, New Jersey 07660
 973-639-9100

 *Counsel for Plaintiffs*

6

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 14, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/ Benjamin J. Widlanski*
